UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:11-CV-22900-GRAHAM/GOODMAN

LATOYIA T. COVINGTON,

Plaintiff,

v.

WALGREEN CO., d/b/a
WALGREENS

Defendant.

_____/

## POST-HEARING DISCOVERY ORDER

This cause is before the Court following a discovery hearing on June 1, 2012 regarding various discovery disputes between Plaintiff, Latoyia T. Covington ("Covington"), and Defendant, Walgreen Co. ("Walgreens"). [ECF Nos. 35; 37; 42; 45]. The Court has considered the various Notices of Authorities filed by the Parties [ECF Nos. 36; 39; 40; 41; 43; 44; 46], the documents filed under seal by Walgreens [ECF Nos. 47; 48] and the arguments of counsel. Based on these sources and supplemental research, it is hereby

ORDERED and ADJUDGED that the Parties' requests for relief are DENIED WITHOUT PREJUDICE.

Pursuant to the District Court's Order of Reference of Motions [ECF No. 19], this Court was referred all discovery motions in this case. The District Court's Scheduling Order Setting Pretrial Conference and Trial Dates (the "Scheduling Order") [ECF No. 18] set a discovery deadline of May 25, 2012. While some of the instant discovery disputes between the Parties arose before the discovery deadline, the matters were not ripe for adjudication until after the June 1, 2012 hearing. As a result, this Court **lacks jurisdiction to enter any orders regarding discovery past the May 25, 2012 discovery deadline.**[1]

In the event, however, that the Parties move for an extension of the discovery deadline and if the District Court, in its discretion, were to grant such an extension, then the Court rules as follows:

## I.     THE PARTIES' DISCOVERY DISPUTES

### A.     Brief Background

The seeds for the instant discovery disputes were planted on May 7, 2012, when Covington filed a Notice of Hearing on Defendant's First Supplemental Rule 26 Initial Disclosures [ECF No. 33]. The Court struck that Notice of Hearing because Covington

---

[1]     In its May 18, 2012 Order setting the June 1, 2012 discovery hearing, the Court noted that the Scheduling Order set a May 25, 2012 discovery deadline. [ECF No. 35]. However, neither Party moved the District Court to extend the discovery deadline. The Court likewise informed the Parties at the beginning of the June 1, 2012 hearing that it lacked jurisdiction to order discovery absent an extension of the discovery deadline by the District Court. As of the date of this Order, neither Party has moved for an extension of the discovery deadline from the District Court.

failed to confer with opposing counsel regarding that discovery dispute -- as required by Judge Graham's discovery procedures and Local Rule 7.1. [ECF No. 34]. As noted in that order, if Covington and Walgreens could not resolve the discovery issues after conferring, then the Court would hear the discovery disputes on its June 1, 2012 discovery calendar. [ECF No. 34].

**B.     The Instant Discovery Disputes**

The Parties were unable to resolve their discovery disputes and both Covington and Walgreens each raised several issues at the above-mentioned discovery hearing. Covington raised three discovery issues: (1) compelling production of un-redacted versions of Walgreens' Bate stamped documents 649-656; (2) striking some of the new witnesses provided in Walgreens' May 1, 2012 First Supplemental Disclosure for use by Walgreens at trial or on summary judgment; and (3) compelling the deposition of Walgreens' senior in-house litigation counsel, Michael Hernandez. For its part, Walgreens raised two discovery issues: (1) compelling Covington to identify her damages with greater specificity and to produce certain supporting documents; and (2) compelling Covington to supplement her initial discovery responses.

## II.    ANALYSIS

### A.    The Covington Discovery Issues

i.    *Compelling Production of Walgreens' Bate Stamped Documents 649-656*

Covington asked the Court to compel the production of un-redacted versions of

Walgreens' Bate stamped documents 649-656. These documents were included in

Walgreens' April 25, 2012 amended privilege log and redacted pursuant to the work

product rule (the "Rule") and the attorney-client privilege (the "Privilege").

According to Walgreens, these redactions were appropriate because they relate

to: (1) a summary of the complaint filed by Covington before the Equal Employment

Opportunity Commission ("EEOC") prepared on behalf of Michael Hernandez,

Walgreens' senior in-house litigation counsel; and (2) an email from Grace Murillo, one

of Walgreens' outside attorneys  in this case, to Mr. Hernandez regarding Covington's

initial disclosures. Covington argued that the redactions were factual in nature and thus

not protected by the Rule or the Privilege. [ECF No. 40]. At the Court's directive,

Walgreens filed un-redacted copies of the documents under seal for the Court's review.

[ECF Nos. 47; 48].

The Rule "operates to 'remov[e] counsel's fears that his thoughts and information

will be invaded by his adversary.'" *Mitsui Sumitomo Ins. Co. v. Carbel, LLC*, No. 09-

21208-CIV, 2011 WL 2682958, at *2 (S.D. Fla. July 11, 2011) (citations omitted). "[T]o

obtain work product protection, the documents must have been prepared in

4

anticipation of some likely litigation or as integral preparation for trial." *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 688 (S.D. Fla. 2010) (citations omitted). There are, at this time, two categories under the Rule: factual work product and opinion work product. *Id.* Factual work product enjoys a qualified immunity and "[a] party may obtain such documents, but only upon a showing of both substantial need and undue hardship." *Id.* (citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984)). Opinion work product, on the other hand, "'enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.'" *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (internal quotations and citations omitted).

After an *in camera* review of Mr. Hernandez's summary of Covington's EEOC complaint, the Court finds that Mr. Hernandez's summary is protected by the Rule and, as such, the redaction is appropriate. The Court finds that the email from Ms. Murillo to Mr. Hernandez regarding Covington's initial disclosures is an attorney-client communication[2] and is protected by the Privilege. Accordingly, the Court denies

---

[2]  Walgreens included the email from Ms. Murillo to Mr. Hernandez on its amended privilege log even though the email was written *after* the case had commenced. *See* Local Rule 26.1(g)(3)(C) ("This rule requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.") (emphasis added).

Covington's request to compel the production of un-redacted copies of Walgreens' Bate stamped documents 649-656.

ii.  *Striking Some of Walgreens' New Witnesses*

On May 1, 2012 Walgreens served its First Supplemental Disclosures on Covington identifying seven or eight[3] new witnesses. Covington requested the Court to strike all but two of the witnesses for use at trial or on summary judgment.[4] Covington argued that the disclosure of these witnesses so close to the discovery cutoff deadline (May 25, 2012) prevented Covington from propounding written discovery regarding the witnesses or provided insufficient time to plan and take their depositions.

The Court does not agree that, under the circumstances represented to the Court, Covington had insufficient time to take the depositions of the new witnesses (which would obviate the need for written discovery).[5] Accordingly, the Court denies Covington's request to strike the new witnesses. However, *if* the District Court extends the discovery deadline (upon motion or otherwise), then Covington's concerns would

---

[3]     The record is unclear as to whether seven or eight new witnesses were disclosed. In her Notice of Hearing and at the June 1, 2012 hearing, Covington stated that eight new witnesses had been disclosed. However, in her May 3, 2012 correspondence to Walgreens' counsel, Covington stated that seven new witnesses were disclosed.

[4]     Covington was able to take the deposition of two of the new witnesses and does not move to strike those two witnesses.

[5]     The Court wishes to make clear that it is not deciding whether the time period here for Covington to take those depositions is *per se* sufficient. Rather, the Court finds that under the specific circumstances of this case, the time period afforded Covington to take those depositions was not insufficient.

be alleviated as the Undersigned would allow Covington to take the depositions of the so-called new witnesses, if she chooses to do so within the time constraints of the extended discovery deadline.

  iii.   *Compelling the Deposition of Walgreens' Senior In-house Litigation Counsel*

  Covington asked the Court to compel the deposition of Mr. Hernandez, Walgreens' senior in-house litigation counsel, on the basis of certain factual representations (or misrepresentations, according to Covington) in Walgreens' EEOC response letter to Covington's EEOC complaint. At the hearing, the Parties agreed that Mr. Hernandez had no first-hand personal knowledge of the facts and that any facts he obtained were from his investigation of this matter as Walgreens' attorney.

  While nothing in the Federal Rules of Civil Procedure prohibits the deposition of a party's attorney, federal courts generally disfavor such depositions and permit them in only limited circumstances. *See W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990). The circuit courts are split as to the proper test, the *Shelton* test[6] or the "flexible approach" test,[7] to apply in determining whether to allow the deposition

---

[6]   In *Shelton v. American Motors Corp.*, 805 F.3d 1323 (8th Cir. 1986), the Eighth Circuit stated that the moving party must show "that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." *Id.* at 1327. The *Shelton* test appears to have been adopted by the Fifth, Sixth and Tenth Circuits. *Nguyen v. Excel Corp.*, 197 F.3d 200, 208-09 (5th Cir. 1999); *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628-629 (6th Cir. 2002); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001).

[7]   Under the "flexible test," the operative inquiry is whether the "proposed deposition would entail an inappropriate burden or hardship" on the responding party. *In re Subpoena*

of a party's attorney. The Eleventh Circuit has not expressly ruled on this issue. Courts

in this District, however, have generally held that to allow the deposition of a party's

attorney, the movant must  show that: (1) the deposition is the only practical means of

obtaining the information; (2) the information sought will not invade the realm of the

attorney's work product or interfere with the attorney-client privilege; (3) the

information sought is relevant and crucial to the preparation of the case; and (4) the

movant's needs outweigh the dangers of deposing a party's attorney. *Klayman v.*

*Freedom's Watch, Inc.*, No. 07-22433-CIV, 2007 WL 4414803, at *3-4 (S.D. Fla. Dec. 14,

2007); *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, No. 04-80090-CIV-COHN, 2007

WL 433084, at *3-4 (S.D. Fla. Feb. 2, 2007); *W. Peninsular Title Co. v. Palm Beach Cnty.*, 132

F.R.D. 301, 302 (S.D. Fla. 1990).

In the instant case, the Court finds that Covington has failed to sufficiently

demonstrate that the deposition of Mr. Hernandez is the only practical means of

obtaining the underlying facts regarding Walgreens' purported misrepresentations[8] in

---

*Issued to Dennis Friedman*, 350 F.3d 65, 71-72 (2d Cir. 2003) (J. Sotomayor). In addition to the Second Circuit, the District of Columbia Circuit also appears to apply the "flexible test" approach. *See United States v. Philip Morris Inc.*, 209 F.R.D. 13, 19 (D.D.C. 2002).

[8]     Covington identifies only one alleged misrepresentation in Mr. Hernandez's letter on behalf of Walgreens. Specifically, she focuses on his comment that Covington was not docked any pay. Covington contends that this is false because Walgreens later, after this lawsuit was filed, tendered a check to her for the two days' pay she missed when she did not work following a dispute with her supervisor. Walgreens denies that this one written comment is false, and explains that Covington was not docked any pay but that it decided to submit the post-lawsuit payment in order to eliminate a potential issue (but not because Covington was improperly docked pay).

its EEOC response letter. To the contrary, counsel for the Parties concede that Mr. Hernandez has no first-hand personal knowledge of the underlying facts and that Walgreens has made available to Covington its fact witnesses, i.e., those witnesses with actual first-hand personal knowledge of the underlying facts in this litigation.

Moreover, it is far from clear to the Court that the letter contains any actual misrepresentation -- the only argument advanced by Covington for taking the deposition of the in-house senior attorney who handled the EEOC claim and who continues to be Walgreens' in-house point person to coordinate with outside counsel. The possibility that one comment obtained from an employee in an attorney's multi-page letter to the EEOC might arguably be inaccurate is too slim of a reed to support the extreme step of taking the deposition of Walgreens' senior in-house attorney. Accordingly, the Court denies Covington's request to take Mr. Hernandez's deposition.

**B.    The Walgreens Discovery Issues**

   i.    *Compelling Covington to Identify Her Damages and Produce Supporting Documents*

Walgreens requested the Court to compel Covington to identify her claimed damages with greater specificity and to provide it with a copy of all supporting documents regarding her damages claim. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), each party in its initial disclosures must provide a computation of any category of damages claimed by it and produce non-privileged documents supporting its damages computation. The Court has reviewed the discovery provided by the Parties and finds

that Covington has failed to comply fully with Fed. R. Civ. P. 26(a)(1)(A)(iii).
Accordingly, if the District Court were to extend the discovery deadline, then the
Undersigned would grant Walgreens' request to compel Covington to better identify
the amount of her claimed damages and to produce all supporting non-privileged
documents regarding her damages claim. To the extent that the District Court does not
extend the discovery deadline or Covington fails to provide additional information if
the now-closed discovery deadline is extended, then Covington will be prohibited from
claiming any damages that she failed to properly identify.[9] Fed. R. Civ. P. 37(c); *Mee
Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1221 (11th Cir. 2010) *cert. denied*, 131 S. Ct. 936
(2011) (affirming the District Court's exclusion of loss of goodwill damages that were
not disclosed).

ii. *Compelling Covington to Supplement Her Initial Discovery Responses*

Walgreens asked the Court to compel Covington to supplement her initial
discovery responses by providing billing statements from her healthcare providers. At
the hearing, the Parties agreed that Covington had provided Walgreens with a broad
healthcare related release so that Walgreens could obtain these and other documents
directly from Covington's healthcare providers. The Parties also agreed at the hearing
that Covington had provided Walgreens all  documents responsive to this request

---

[9]     Unless Covington can demonstrate to the Court that "the failure was substantially
justified or is harmless." Fed. R. Civ. P. 37(c).

currently in her possession, and that to the extent she is seeking and receives any further responsive documents, she would provide copies to Walgreens.

As a result, to the extent the District Court extends the discovery deadline, the Court grants in part and denies in part Walgreens' request to compel Covington to supplement her initial discovery responses. Covington shall have until the end of any extended discovery deadline (assuming one is provided, which might not occur) to provide to Walgreens responsive documents that come into her possession. Moreover, to the extent Covington receives such documents in her possession after any extended discovery deadline, Covington, pursuant to Fed. R. Civ. P. 26(a)(3), must disclose and identify these documents to Walgreens, if she intends to use them at trial.

### C.     Award of Expenses Pursuant to Fed. R. Civ. P. 37(a)(5)

Pursuant to Fed. R. Civ. P. 37(a)(5)(ii) and (iii), the Court declines to award expenses to either party.

### III.     CONCLUSIONS

This Court lacks jurisdiction to order any further discovery in this matter. To the extent the District Court, in its discretion, extends the discovery deadline, then it is ORDERED and ADJUDGED as follows:

1. Covington's request to compel the production of un-redacted versions of Walgreens' Bate stamped documents 649-656 is **DENIED**.

11

2. Covington's request to strike some of the new witnesses in Walgreens' May 1, 2012 First Supplemental Disclosure for use by Walgreens at trial or on summary judgment is **DENIED**.

3. Covington's request to compel the deposition of Walgreens' senior in-house litigation counsel, Michael Hernandez, is **DENIED**.

4. Walgreens' request to compel Covington to better identify the amount of her claimed damages and to produce supporting non-privileged documents regarding her damages claim is **GRANTED**.

5. Walgreens' request to compel Covington to supplement her initial discovery responses is **GRANTED IN PART AND DENIED IN PART**. Covington shall have until the end of the extended discovery deadline to provide responsive documents that come into her possession to Walgreens.

ORDERED in Chambers, in Miami, Florida, June 11th, 2012.

Jonathan Goodman
United States Magistrate Judge

Copies furnished to:
The Honorable Donald L. Graham
All Counsel of Record

12